PER CURIAM.
During closing arguments appellee’s attorney made the following comments:
Ladies and Gentlemen, I submit to you that if this lady sustained any permanent injury it was the result of the negligence of Janet Gould.
Mr. Kibbey [appellants’ attorney] said he was going to ask you for a lot of money and my client should be responsible for it.
She ought to go back to Martin Memorial Hospital and work everyday for the rest of her life.
Appellants’ counsel objected and moved for a mistrial. The court reserved ruling on the motion. The court did, however, give the following curative instruction:
Ladies and gentlemen of the jury you shall disregard the last comment by Mr. Vocelle [appellee’s counsel].
In reaching a verdict you are not to consider whether or not the Defendant Moore has the financial ability to pay.
The jury returned verdicts finding no negligence on the part of appellee Moore. The trial court entered an order denying appellants’ motion for a mistrial on the basis of the statements made by appellee’s counsel.
The point on appeal is whether the trial court erred in denying appellants’ motion for mistrial based on defense counsel’s closing remarks regarding the economic impact a verdict in favor of appellants would have on appellee. We conclude it did not.
The jury checked “No” to the following questions posed to them in the verdict forms:
Was there negligence on the part of Defendant, BETTY FRY MOORE, which was a legal cause of damage to Plaintiff, MAUREEN MCMINN?
[[Image here]]
Was there negligence on the part of Defendant, BETTY FRY MOORE, which was a legal cause of damage to Plaintiff, MARIE HICKLING?
The record supports the fact that the jury could have found appellee negligent while also finding that her negligence was not the legal cause of damage to the appellants.
GLICKSTEIN, DELL, JJ„ and JACK H. COOK, Associate Judge, concur.